Archie K. CASE, Plaintiff-Appellant,

v.

NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.

No. 288, Docket 28462.

United States Court of Appeals
Second Circuit.

Argued Jan. 21, 1964.

Decided April 1, 1964.

J. Murray Dunn, Syracuse, N. Y. (McElroy, Young, Martin & Dunn), Syracuse, N. Y., for plaintiff-appellant.

Howard G. Munson, Syracuse, N. Y. (Hiscock, Cowie, Bruce, Lee & Mawhinney), Syracuse, N. Y., for defendant-appellee.

Before FRIENDLY, SMITH and HAYS, Circuit Judges.

FRIENDLY, Circuit Judge.

This appeal by a plaintiff in an FELA case from an adverse judgment entered on a verdict after a trial held in Syracuse, N. Y., before Judge Brennan and a jury, raises a single question as to the admissibility of evidence.

Case, a conductor employed by the New York Central, sought damages for a laceration of his leg and other injuries suffered at the Central's Albany, N. Y. station on December 15, 1960. The fact of injury was not disputed; the cause was. Case claimed that as he stepped off a platform to cross the tracks and board a car, his left foot went down a hole about 15″ to 18″ deep, causing him to fall backwards. The defense was that in the area where Case claimed to have fallen, no hole was reported, found or repaired.

Case had testified that the accident might have been witnessed by a brakeman named Moore who was sitting in the coach which he boarded thereafter and, more positively, by a fireman on a yard engine. Although he called neither as a witness, failure by the Central to produce them (or others working in the Albany yard at the time), if unexplained, would have given rise to an inference favorable to him. "The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be elucidated, serves to indicate, as the most natural inference, that the party fears to do so, and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party." 2 Wigmore, Evi-

dence 162 (3d ed. 1940). This principle is frequently applied to failure to call an employee having knowledge of the facts; it suffices to cite a quite similar FELA case, Chicago & N. W. Ry. v. Kelly, 84 F.2d 569, 572 (8 Cir. 1936).

The inference, however, may not be drawn unless "it would be natural for him [the party] to produce the witness if the facts known by him had been favorable," 2 Wigmore, supra, 166. Since it would not be "natural" to produce a witness who is unavailable or who is not believed to possess testimonial knowledge, it is competent for a party to excuse the non-production on these bases. To do that the Central called Culnan, a claim agent in its Albany office, to testify on two matters. One was that his supervisor had asked him to interview Moore, whereupon investigation showed that Moore was in Florida and would not return until after the trial. The other, which gives rise to this appeal, was that, at the request of trial counsel, he had made inquiry as to how many switch engines had been working in the Albany depot yard on December 15, 1960; that he had found there were three, each having an engineer and a fireman; and that he had interviewed the six men and taken statements from them. On objection Judge Brennan did not allow the statements to be received in evidence but permitted Culnan to answer a question framed as follows:

"The Court: Did you find any of these six men who knew anything about this accident, that admitted that they knew anything about this accident on December 15th involving Mr. Case?

"The Witness: I did not."

The judge then remarked "That finishes that"; it did.

Appellant complains that by this ruling the judge allowed the unsworn and unconfronted testimony of six men to be thrown into the scales against him. Although that would indeed have been egregious error, nothing of the sort took place. The statements were offered,

not to prove that the accident did not occur in the manner that Case contended, or even to prove that the men in fact knew nothing about it, and surely not to prove that Case had not been injured which no one disputed, but to show that the Central reasonably believed that none of the men working in the yard had any knowledge and their non-production thus could not properly be attributed to fear of their testimony. For this limited purpose the statements were not hearsay. It would be nonsense to hold that a party, legitimately seeking to explain the non-production of a suggested potential witness on the ground that there was reason to believe the witness had no testimonial knowledge, could do so only by producing him. If plaintiff's counsel desired an instruction more clearly limiting the effect of the evidence, it was for him to seek it. 1 Wigmore, supra, 301; Malatkofski v. United States, 179 F.2d 905, 914 (1 Cir. 1950). Doubtless his failure to request one was due to the fact that the context of Culnan's testimony and the judge's ruling made further clarification of the limited purport of the testimony wholly unnecessary.

Affirmed.

HAYS, Circuit Judge (dissenting).

The question presented by this case is whether when a plaintiff testifies that he was injured in an accident and that X was a witness to the accident, the defendant can introduce testimony that he has talked to X and that X denies that he saw any accident.

Of course it is nonsense to require the production of witnesses to explain why they are not produced. But it is far from nonsense to require that when a party relies on the evidence of alleged eye witnesses to show that an accident did not occur, he should produce the witnesses and not be permitted to "explain" the failure to produce them by showing that, if called, they would deny having seen the accident. Foster v. Atlanta Rapid Transit Co., 119 Ga. 675, 46 S.E. 840 (1904); Birmingham v. Kansas City Pub. Serv. Co., 361 Mo. 458, 235 S.W.2d 322 (1950).

The crucial issue in this case was whether the plaintiff's injuries were sustained at the time and place to which he testified.

Plaintiff was asked whether there was anybody near him at the time of the accident. He stated:

"The only one I saw was the fireman on the engine, on the yard engine."

Under the guise of explaining the defendant's failure to produce the fireman, the defendant's claim agent was permitted, over plaintiff's objection, to testify that he had interviewed all three firemen who were on duty at the time of the alleged accident and that none of them knew anything about the accident.

Obviously the effect of this evidence was to refute plaintiff's testimony, while denying him the opportunity to cross-examine the fireman.

Nor was the unfairness to plaintiff confined to the hearsay evidence of the firemen. Although there was not the slightest suggestion in the evidence that anybody but the single fireman had witnessed the accident, the claim agent was permitted to testify that the three engineers working in the yards at the time also claimed not to know anything about the accident. Surely the defendant cannot argue that he would have been prejudiced by failure to explain not calling the hitherto unmentioned engineers.

I would reverse and give plaintiff a new trial.